**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| EVERGREEN RESEARCH AND MARKETING, LLC, a California limited liability company<br><br>Plaintiff,<br><br>vs.<br><br>MYSTICAL DISTRIBUTING CO., LTD, a Canadian limited partnership, and DOES 1-10,<br><br>Defendants. | No: 2:15-cv-00318-JAD-PAL<br><br>**Order Denying Without Prejudice *Ex Parte* Application for Temporary Restraining Order [Doc. 6]** |

Plaintiff Evergreen Research and Marketing moves on an *ex parte* basis for an Emergency Temporary Restraining Order and Preliminary Injunction under Rule 65 of the Federal Rules of Civil Procedure and Local Rule 7-5. In a complaint filed on February 23, 2015, Evergreen alleges that Defendants Mystical Distributing are advertising, displaying, and offering to sell an insect-repelling wristband called the "Bug Bracelet" that infringes on Evergreen's trade dress. *See* Doc. 1. It further alleges that Mystical intends to sell this Bug Bracelet at a trade show in Las Vegas, Nevada, that begins on March 1, 2015. Evergreen therefore seeks a temporary restraining order to prevent Mystical (1) from using Evergreen's trade dress to advertise, manufacture, produce, sell, or distribute the Bug Bracelet; and (2) from destroying, altering, or otherwise disposing of any documents, electronic files, or business record related to the Bug Bracelet.

Evergreen has presented a persuasive case for the granting of a temporary restraining order. Its supporting exhibits show that the Bug Bracelet sold by Mystical, who used to distribute an insect-repelling wristband of Evergreen's called SUPERBAND®, uses packaging and marketing banners nearly identical to that used by Evergreen to sell SUPERBAND®. *See* Doc. 6-2 at 12-24. But before I can issue a temporary restraining order, Evergreen must "give[] security "in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or

restrained." Fed. Rule of Civ. P. 65(c). Nowhere in its motion does Evergreen offer to do this. Nor does it provide any argument or authority that might help me determine what a reasonable security amount might be in this case.

Moreover, there appears to be some confusion about the estimated harm Evergreen expects to incur should I not issue a temporary restraining order: in its motion, Evergreen states that the estimated harm is "approximately $50,000," Doc. 6-1 at 9; but in the Declaration of Evergreen President Robert Albert on which Evergreen's motion relies, the estimated harm is "approximately $500,000." Doc. 6-2 at ¶16.  One of these is likely just a typo.  But without more full guidance from Evergreen on how to determine the amount it will need to give in security to protect Mystical's interests, I decline to issue the temporary restraining order it seeks.  Evergreen's motion is therefore denied without prejudice.  Should Evergreen decide to file a new motion for temporary restraining order, the security requirement laid out in Federal Rule of Civil Procedure should be directly addressed.

## CONCLUSION

Accordingly, it is HEREBY ORDERED that Plaintiff's Motion for *Ex Parte* Application for a Temporary Restraining Order **[Doc. 6] is DENIED WITHOUT PREJUDICE.**

DATED: February 26, 2015.

_____
Jennifer A. Dorsey
United States District Judge