UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EVERGREEN RESEARCH AND MARKETING, LLC, a California limited liability company<br><br>Plaintiff,<br><br>vs.<br><br>MYSTICAL DISTRIBUTING CO., LTD, a Canadian limited partnership, and DOES 1-10,<br><br>Defendants. | No: 2:15-cv-00318-JAD-PAL<br><br>**Order Denying Second *Ex Parte* Application for Temporary Restraining Order [Doc. 10]** |

Plaintiff Evergreen Research and Marketing has filed a second *ex parte* motion against defendant Mystical Distributing for an emergency temporary restraining order and preliminary injunction under Rule 65 of the Federal Rules of Civil Procedure and Local Rule 7-5. Evergreen's first *ex parte* motion was denied without prejudice because, although it laid out a potentially persuasive claim for trade dress infringement against Mystical, Evergreen failed to "give[] security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. Rule of Civ. P. 65(c).[1] Evergreen cured this defect in its second *ex parte* motion. But after reviewing this second motion, I discovered that a more fundamental defect remains: Evergreen has failed to provide "specific facts in an affidavit or a verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result to [Evergreen] before [Mystical] can be heard." Fed. Rule of Civ. P. 65(c).

At one time, irreparable harm could be presumed from a showing of likelihood of success on the merits in trade dress and trademark actions. *See Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 877 (9th Cir. 2009). Recently, however, the

---

[1] To the extent my prior order (Doc. 8 at 1) suggested that Evergreen had made a persuasive case for the issuance of injunctive relief and not merely the merits of its trade-dress claim, I vacate that statement.

Ninth Circuit recognized in *Herb Reed Enterprises, LLC v. Florida Entertainment Management, Inc.*, 736 F.3d 1239, 1249 (9th Cir. 2013), that the U.S. Supreme Court's decision in *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 338 (2006), abrogated that presumption.  Evergreen, therefore, must show that the harm it will suffer cannot be adequately compensated or corrected at a later date by legal remedies or monetary damages. *See Cal. Pharma Assn. Maxwell-Jolly*, 563 F.3d 847, 852 (9th Cir. 2009).

Evergreen has not met this burden.  To demonstrate irreparable harm, it submits only the declaration of its "principal owner" who offers the fact-devoid, conclusory statement that Evergreen "will lose approximately $500,000 in gross revenue" from an upcoming trade show in Las Vegas, Nevada, if Mystical is not immediately—and without prior notice—enjoined.  Doc. 10-2 at ¶16.  But Evergreen does not indicate how it arrived at this very round damages estimate and, as the Ninth Circuit explained in *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980), "monetary injury is not normally considered irreparable" because it may be compensable by a damages award.  Nor does Evergreen even begin to suggest why its anticipated $500,000 loss could not be adequately remedied with a damages award.

"Evidence of loss of control over business reputation and damage to goodwill [also] could constitute irreparable harm."  *Herb Reed,* 736 F.3d at 1250 (citing *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush and Co., Inc.,* 240 F.3d 832, 841 (9th Cir. 2001)).  But Evergreen does not argue that Mystical's trade-show activities will risk such intangible injury.  *See* Doc. 10 at 9-10.  In sum, Evergreen has not demonstrated that, absent the extraordinary relief of a temporary restraining order, it will be irreparably harmed.  Evergreen's motion is therefore denied.

. . .

**CONCLUSION**

Accordingly, it is HEREBY ORDERED that Plaintiff's Second Motion for *Ex Parte* Application for a Temporary Restraining Order **[Doc. 10] is DENIED**.

DATED: February 27, 2015.

_____
Jennifer A. Dorsey
United States District Judge